IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DENORRIS LAVELLE SANDERS,   )
                            )
            Petitioner,     )
                            )
     v.                     )     1:18CV808
                            )
UNNAMED RESPONDENT,         )
                            )
            Respondent.     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a document entitled as a "NOTICE." He attempted to file this in a prior case where a Judgment dismissing the case was entered and a motion to reconsideration denied. Nevertheless, Petitioner continues to seek, among other relief, his release from incarceration.[1] Even though Petitioner has not used the correct forms for a habeas corpus petition under 28 U.S.C. § 2254, it appears that Petitioner seeks to attack the legality of his state court criminal conviction or sentence. The document he filed is not a recognizable method for achieving

---

[1] Petitioner also seeks to compel the Court to answer questions that he raises. He cannot simply demand answers to questions. However, his questions show that he is confused as to the nature of this Court and proceedings before it. For instance, he asks what "side" of the Court is handling his claims. However, there are not separate "sides" of the Court. He also insists that he is bringing his claims under common law, rather than "codes" and asks whether the Court applies common law. The Court applies common law, statutory law, and constitutional law as appropriate depending on the case and situation. In Petitioner's case, he seeks to raise challenges to his state criminal conviction or sentence. To do so, he must file a habeas action under § 2254 as the Court has now explained multiple times. He cannot directly bring a common law action. If he wishes to challenge his incarceration, he must do it through a properly filed action.

this goal. Instead, the proper avenue for such an attack is ordinarily a petition for habeas corpus. Out of an abundance of caution, the Court will construe the submission as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner did not use the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

3. Petitioner does not set out or explain his claims for relief.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[2] To further aid Petitioner, the Clerk is instructed to send

---

[2] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Any such filing must be timely and, to the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. Petitioner may also choose not to submit a petition. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2254 forms in that instance.

2

Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal without prejudice to filing a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition. The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

This, the 1st day of November, 2018.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge